SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-13-772

| | | |
|---|---|---|
| | | **Opinion Delivered** April 23, 2014 |
| TRACY G. COLLIER | | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. CR-2012-597(b)] |
| | APPELLANT | |
| V. | | |
| | | HONORABLE J. MICHAEL FITZHUGH, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

**ROBIN F. WYNNE, Judge**

Tracy Collier appeals from his conviction for possession of drug paraphernalia under Arkansas Code Annotated section 5-64-443(b) (Supp. 2013).[1] On appeal, he challenges the sufficiency of the evidence supporting his conviction. We affirm.

Collier was tried by a Sebastian County jury in July 2013. The evidence at trial included the following. On May 3, 2012, Corporal Randy Patterson of the Fort Smith Police Department responded to a report of people burning something during a burn ban, and possibly stripping copper. When Patterson arrived, Collier and his girlfriend, Clara

---

[1]Arkansas Code Annotated section 5-64-443(b) provides: "A person who uses or possesses with the purpose to use drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, or conceal a controlled substance that is methamphetamine or cocaine upon conviction is guilty of a Class B felony."

Gilley, were sitting by a burn barrel on the vacant piece of property, and Patterson believed that the woman was trying to keep him back at his car, away from the area around the burn barrel. Patterson noticed a mason jar with a coffee filter tucked down into it, which he knew from experience was used in making methamphetamine, and then he saw a Dr. Pepper bottle containing white powder, more coffee filters, and a bottle of Liquid Fire drain cleaner—all items used in the process of making methamphetamine. Patterson called for narcotics officers. Narcotics Investigator Greg Napier testified that he responded to the call about the possible methamphetamine lab and was responsible for photographing the evidence: a set of pliers; a one-liter Dr. Pepper bottle with salt inside; a plastic water bottle; Coleman camp fuel, which had been hidden in a pile of mulch; tools used to strip lithium batteries; a bottle of lye; drain cleaner; mason jars with coffee filters; small plastic bags containing contents of a cold pack; a measuring cup; and a rubber glove. Napier testified that it did not appear that they had actually "cooked" the methamphetamine yet.

George Lawson, narcotics supervisor for the Fort Smith Police Department, testified as an expert regarding methamphetamine labs. He testified as to how the items found at the scene were used in the "one pot" or "shake and bake" method of manufacturing methamphetamine.

Detective Donnie Ware testified that he advised Collier of his *Miranda* rights and questioned him at the scene. Initially, Collier claimed that the camp fuel was for a campfire. Ware testified that Collier then stated that he had been with Ms. Gilley at the same location when she had made methamphetamine on other occasions. Collier stated that, while they did not have all of the necessary ingredients yet, he was going to get lithium batteries and

 

bring them back. Detective Darrell Craghead testified that he interviewed Collier later that day at the jail. Collier stated that he and Ms. Gilley had been together since November (roughly seven months); that she was the one who knew how to cook methamphetamine; that he had watched her cook methamphetamine at that location approximately three or four times; that she had taught him to strip lithium batteries; and that he had done so on one occasion but did not care for it because it made him nervous.

At the close of the evidence, appellant made a motion for a directed verdict, arguing that Clara Gilley was the one who was intent on making methamphetamine. The court denied the motion. Collier was found guilty of possession of drug paraphernalia and sentenced as a habitual offender to eighteen years in the Arkansas Department of Correction. He filed a timely notice of appeal on August 5, 2013.

On appeal, Collier argues that the evidence was insufficient to support his conviction. Specifically, he argues that his girlfriend was the owner of the property, while he was merely present at the scene, and that there was "no evidence presented to show [that he] exercised dominion and control over the contraband."

We treat a motion for a directed verdict as a challenge to the sufficiency of the evidence. *Coggin v. State*, 356 Ark. 424, 431, 156 S.W.3d 712, 716 (2004). Our supreme court has repeatedly held that in reviewing a challenge to the sufficiency of the evidence, we view the evidence in a light most favorable to the State and consider only the evidence that supports the verdict. *See id.* We affirm a conviction if substantial evidence exists to support it. *Id.* Substantial evidence is that which is of sufficient force and character that it will, with

SLIP OPINION

reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id.*

Regarding the issue of possession, our supreme court has written:

> It is not necessary for the State to prove that an accused physically held the contraband, as possession of contraband can be proven by constructive possession, which is the control or right to control the contraband. Constructive possession can be implied where the contraband is found in a place immediately and exclusively accessible to the defendant and subject to his control. Where there is joint occupancy of the premises where contraband is found, some additional factors must be present linking the accused to the contraband. Those additional factors include (1) that the accused exercised care, control, or management over the contraband; and (2) that the accused knew the matter possessed was contraband. This control and knowledge can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that it is in plain view, and the ownership of the property where the contraband is found. In addition, an accused's suspicious behavior coupled with proximity to the contraband is clearly indicative of possession.

*Loggins v. State*, 2010 Ark. 414, at 4–5, 372 S.W.3d 785, 789–90 (internal citations omitted).

Here, additional factors linked Collier to the drug paraphernalia. He was present at the scene where the drug paraphernalia was in plain view. Furthermore, he admitted to being aware of what was going on and in fact admitted that he planned to help with the manufacture of methamphetamine by getting lithium batteries. Under these circumstances, we hold that the evidence was sufficient to support Collier's conviction for possession of drug paraphernalia.

Affirmed.

WHITEAKER and VAUGHT, JJ., agree.

*David L. Dunagin*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.

4